UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRIAN KESSLER, on behalf of himself
and those similarly situated,

    Plaintiff,

v.                                              CASE NO: 8:07-cv-1371-T-23TBM

UNIVERSAL FIRE SYSTEMS, INC.,

    Defendant.
_____/

**ORDER**

An April 28, 2008, order (Doc. 19) granted the parties' joint motion (Doc. 18) for approval of a settlement agreement and dismissal with prejudice, approved the settlement agreement (Doc. 18-2), dismissed the plaintiff's claims with prejudice, and ("inexplicably," as the defendant believes[1]) directed the Clerk to enter judgment accordingly. The Clerk inadvertently entered a judgment (Doc. 20) in favor of the plaintiff and against the defendant (instead of a judgment of dismissal with prejudice). Without opposition, the defendant moves (Docs. 21 and 22) pursuant to Rule 60(b), Federal Rules of Civil Procedure, for an order vacating the judgment and dismissing the

---

[1] The parties did not expressly request entry of judgment (as distinguished form an order of dismissal with prejudice). But see Fed. R. Civ. P. 54(a) ("'Judgment' as used in these rules includes a decree and any order from which an appeal lies."); Fed. R. Civ. P. 58(a) (providing that "[e]very judgment . . . must be set out in a separate document . . . ."); Otis v. City of Chicago, 29 F.3d 1159, 1163 (7th Cir. 1994) ("Rule 58 provides that every case must end with a formal judgment on a separate document."); cf. 12 James Wm. Moore et al., Moore's Federal Practice § 58.05 (noting that "courts . . . often fail to fulfill [Rule 58's] requirements.").

case with prejudice.  The motions (Docs. 21 and 22) are **GRANTED** and the judgment (Doc. 20) is **VACATED**.  A separate order will amend the April 28, 2008, order and dismiss the action with prejudice.

ORDERED in Tampa, Florida, on May 12, 2008.

_____
STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE